UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FORTY THOUSAND DOLLARS IN | ) | |
| U.S. CURRENCY ($40,000.00), | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about May 6, 2021, and is described more fully as forty thousand dollars in U.S. currency ($40,000.00) (the "defendant property").

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

1

4.     Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5.     Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.     Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7.     Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

8.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

2

or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**FACTS GIVING RISE TO THE FORFEITURE**

11. Roman Ruiz-Russell ("Ruiz-Russell") and Danielle Hugues ("Hugues") are residents of Louisville, Kentucky.

12. Ruiz-Russell and Hugues have prior arrests and convictions related to drug possession and distribution.

13. On or about May 6, 2021, Ruiz-Russell and Hugues were travelling in a red Chevrolet Silverado pick-up truck ("Silverado") headed west on Interstate 70 within the Eastern District of Missouri.

14. Drug Enforcement Administration (DEA) Task Force Officers (TFO's) Schue and Hojsik were conducting traffic enforcement on Interstate 70 and observed the Silverado commit traffic violations. The TFO's conducted a traffic stop of the vehicle.

15. Hugues was driving the vehicle and Ruiz-Russell was in the front passenger seat. The registered owner of the vehicle was Melodrina Ognan, who was not present.

16. The TFO's approached the vehicle on the passenger side. Ruiz-Russell only rolled his window down a few inches. TFO Hojsik advised Hugues of her violations and requested her driver's license. Hugues would not speak with TFO Hojsik pertaining to the violations and requested documentation. After some time, Hugues provided TFO Hojsik her driver's license.

17. TFO Schue returned to the patrol vehicle to conduct a record check on Hugues. During TFO Schue's record check, TFO Hojsik deployed a St. Charles County Police Department canine to conduct a sniff of the vehicle. The canine gave an affirmative response to the presence of controlled substances near the driver's side door, rear driver's side door, and the tailgate area of the Silverado.

18. The TFO's returned to the vehicle and requested Hugues exit the Silverado. Hugues became argumentative and refused to exit the pick-truck when requested to do so. Eventually, Hugues did exit the Silverado and stood at the rear of the vehicle.

19. Officers then asked Ruiz-Russell to exit the Silverado. He refused, locked the Silverado doors and filmed the officers with his phone. He was also argumentative about exiting the vehicle. After several minutes, Ruiz-Russell exited the Silverado.

20. The TFO's conducted a search of the vehicle. Ruiz-Russell told officers the keys to the Silverado's camper shell were in the glove box. When officers retrieved the keys, they discovered three firearms with loaded ammunition clips in the glove box. Also inside the glove box, the TFO's located a vape device with the three handguns and a single vape cartridge. TFO Schue could smell the odor of marijuana emitting from the vape device and single vape cartridge. The TFO's located multiple large "Pelican" cases in the bed of the Silverado. When officers opened the cases, they smelled a distinct odor of raw marijuana. On the floorboard behind the driver's seat the TFO's located a lockbox which contained the $40,000.00 ("defendant property")

in stacks of $100 and $50 denominations.

21.     Based on the training and experience of drug investigators, large amounts of currency in mixed and/or these types of denominations are often indicia of drug trafficking.

22.     The lockbox and defendant property was placed on the ground between patrol vehicles. The canine conducted a discretionary sniff of the items and reacted in a manner indicating the presence of an odor of controlled substances.

23.     The canine employed has been introduced to circulated, shredded currency during training exercises and has been proofed off currency odor. The canine does not alert or indicate to the presence of the currency but rather any drug odor associated with it.

24.     During the search, Ruiz-Russell continued to be argumentative towards the officers and had to be advised multiple times to stop walking towards the Silveragdo. Ruiz-Russell continued to film, while speaking to an unidentified female on the phone.

25.     TFO Schue placed Hugues in the passenger seat of the patrol vehicle. Hugues was read her Miranda rights and stated she understood and was willing to answer some questions. Hugues stated that the defendant property belonged to both her and Ruiz-Russell. When asked how much currency was in the lockbox, Hugues stated she did not know the exact amount.

26.     Hugues wrote a short written statement at the scene. In it, Hugues stated police found " a cash box" which she was "unaware of the amount inside."

27.     TFO Schue contacted Ruiz-Russell and verbally read him his Miranda rights. Ruiz-Russell stated he understood his rights and was willing to answer some questions. Ruiz-Russell stated the defendant property belonged to him and his mother. Ruiz-Russell stated he was going to Colorado to purchase minerals because he was going to start a mineral business. Ruiz-Russell stated the lockbox contained $45,000. Ruiz-Russell admitted that he and Hugues consume

5

marijuana regularly and that the large Pelican cases once contained marijuana. Ruiz-Russell further stated that he did not have a business license or business card to indicate he was a mineral trader/salesman.

28. Ruiz-Russell wrote a statement as well. There, Ruiz-Russell stated that he was self-employed and that "Denver was [his] destination along w/ (sic) other places." Ruiz-Russell wrote that the money belongs to him and his mother and that he did not file taxes in 2020.

### COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

29. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 28 above as if fully set forth herein.

30. The defendant property is bulk U.S. currency that was discovered by law enforcement officers was bundled and in denominations and a manner that is consistent with drug trafficking.

31. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### COUNT TWO – FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

32. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 28 above as if fully set forth herein.

33. The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Ruiz-Russell and Hugues with the intent to promote the carrying on of, and to conceal or disguise the nature,

location, source, ownership or control of, a specified unlawful activity.

34. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

***COUNT THREE – FORFEITURE***
**18 U.S.C. § 981(a)(1)(C)**

35. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 28 above as if fully set forth herein.

36. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Ruiz-Russell and Hugues in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

37. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Stephen Casey*
STEPHEN CASEY, #58879(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone: (314) 539-2200
stephen.casey3@usdoj.gov

# **VERIFICATION**

I, Michael Tiderington, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/21/2022
(date)

*Michael Tiderington*
MICHAEL TIDERINGTON
Special Agent
Drug Enforcement Administration